Thacher J.
dissenting. Though I agree to many things said by the Chief Justice, I do not entirely coincide with him-I am not disposed to question the constitutionality of the statute, but I think it intended that the seizures should be made in conformity to the laws of the several States, and not in violation of the laws of any one of them. The laws here do not recognise a slave. Every person here is a freeman, and entitled to all the privileges of a freeman; one of which is, to be secure against all seizures &c., without a complaint upon oath. I admit that in the southern States they may seize a slave without a warrant, because it is according to the laws of those States. But it does not follow that the same may be done here. I think it is the intention of the statute, that the seizure of a slave here shall be by process of law here. The complaint should not state that Randolph was a slave, for our law knows no such creature, but that he was a person held to service by the laws of Virginia. I admit that Congress might prescribe a new mode of apprehending a fugitive from service, which should supersede our law. In the case before the Court, the defendant, in my opinion, violated the law of our State.
The Chief Justice then remarked, that the construction now *22 given by the Court to this statute, had been adopted ever since the federal constitution went into operation, by Lowell and Davis, justices of the District Court of the United States.

Defendant discharged.